**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LISA MONICA QUARANTO,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:18-CV-315** |
| | § | |
| **MEDTRONIC, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Medtronic, Inc. ("Defendant" or "Medtronic") files this Notice of Removal of the above-entitled action from the 168th Judicial District Court, El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division. As shown herein, removal of this case to federal court is proper based on federal question jurisdiction, supplemental jurisdiction, and diversity jurisdiction.

**I.**
**BACKGROUND**

1. On September 14, 2018, Plaintiff Lisa Monica Quaranto ("Plaintiff") initiated this action, captioned *Lisa Monica Quaranto v. Medtronic, Inc.*, in the 168th Judicial District Court, El Paso County, Texas by filing Plaintiff's Original Petition ("Plaintiff's Petition"). The District Court designated Plaintiff's action as Cause No. 2018-DCV-3317.

2. As required by 28 U.S.C. § 1446(a), a docket sheet, and true and correct copies of all process, pleadings, and orders related to the District Court proceeding are attached as EXHIBIT A and incorporated herein by reference.

3.      On September 24, 2018, Plaintiff served Medtronic with Plaintiff's Petition through Medtronic's registered agent for service of process.  *See* Declaration of Robin Ray in Support of Removal at ¶ 5, attached as EXHIBIT B.  Defendant subsequently and timely filed its Answer to Plaintiff's Petition on October 12, 2018.  *See* EXHIBIT A.

4.      Plaintiff's Petition asserts that Defendant is liable to her for alleged violations of the Americans with Disabilities Act, Chapter 21 of the Texas Labor Code, and the Family and Medical Leave Act.  *See* Pl.'s Pet. at ¶ 4, attached at EXHIBIT A.

## II.
## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

5.      Removal is proper because the Court has subject matter jurisdiction over this lawsuit based upon federal question jurisdiction.  28 U.S.C. §§ 1331, 1441(a).  Federal question jurisdiction exists in a civil matter when a claim arises "under the Constitution, laws or treaties of the United States."  *Id.* § 1331.

6.      Federal question jurisdiction has been invoked in this case because Plaintiff asserts Defendant is liable to her for alleged violations that arise under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.*, both federal statutes.  *See* Pl's Pet. at ¶¶ 4, 13-22, attached at EXHIBIT A.

7.      In addition to exercising jurisdiction over Plaintiff's ADEA and FMLA causes of action, this Court also has supplemental jurisdiction over Plaintiff's state law claims that arise out of Defendant's alleged violations of Chapter 21 of the Texas Labor Code.  *See* 28 U.S.C. §1367(a); *See* Pl's Pet. at ¶¶ 13-22, attached at EXHIBIT A.

8.      Therefore, this entire matter may be removed, and this Court may determine all issues herein.  28 U.S.C. § 1441(c).

### III.
### DIVERSITY JURISDICTION

9.      This Court also has subject matter jurisdiction based on an independent, but equally valid, reason:  diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Diversity jurisdiction exists in a civil matter when:  (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states.  *Id.* § 1332(a)(1).  As shown below, both of these requirements are met in this case.

**A.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

10.      The face of Plaintiff's Petition establishes that Plaintiff's damages exceed $75,000, exclusive of interest and costs, thus satisfying the requirement of 28 U.S.C. § 1332. *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003) ("The test is whether it is more likely than not that the claim will exceed [$75,000].").  In Paragraph 23, Plaintiff has affirmatively "plead[ed] that she anticipates . . . that the amount of damages she will request the jury to assess at trial will be between $200,000 to $1,000,000."  *See* Pl.'s Pet. at ¶ 23, attached at EXHIBIT A.  Although Defendant altogether denies Plaintiff's allegations and the damages claimed by Plaintiff, it is evident that the amount in controversy, exclusive of interest and costs, far exceeds the sum of $75,000.  *See* 28 U.S.C. § 1332(a).

**B.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.**

11.      The second requirement for removal is also established because there was complete diversity of citizenship between Plaintiff and Defendant at the time of filing of Plaintiff's Petition and at the time of removal.

12.      Upon information and belief, Plaintiff resided in El Paso County, Texas at the time her Petition and this Notice of Removal were filed.  *See* Pl.'s Pet. at ¶ 2, attached at EXHIBIT A (listing residence in El Paso County, Texas).

3

13.     An individual is a citizen of the state in which he or she is domiciled. Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

14.     At the time of filing of Plaintiff's Petition and at the time of removal, Defendant was and is a citizen of states other than Texas.  Specifically, Defendant Medtronic, Inc. is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota.  *See* Declaration of Robin Ray in Support of Removal at ¶¶ 2-4, attached hereto as EXHIBIT B.

15.     Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and of any state where it has its principal place of business.  In *Hertz Corp. v. Friend*, the United States Supreme Court adopted the "nerve center" test for determining corporate citizenship in diversity jurisdiction cases.  559 U.S. 77, 80-81 (2010).  The Court determined that a corporation's "principal place of business" is the "place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 92-93; *see also Metroplexcore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971 (5th Cir. 2014) (following *Hertz* for "principal place of business").

16.     Defendant is a citizen of Minnesota for diversity purposes.  It is not a citizen of Texas because it is neither incorporated in Texas, nor is its principal place of business located in Texas.  *See id.*

17.     In sum, Plaintiff is a citizen of Texas and Defendant is not.  Complete diversity of citizenship exists between Plaintiff and Defendant.

## IV.
## PROCEDURAL PREREQUISITES

18.     Venue is proper as this is the Court assigned to the district and division in which the action is pending in state court.  *See* 28 U.S.C. § 124(d)(3).  Defendant is filing this Notice of

Removal within 30 days of being served with citation and a copy of Plaintiff's Petition from which it was first ascertainable that the case was removable to federal court. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

19.     As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed in the 168th District Court, El Paso County, Texas and served on Plaintiff. A true and correct copy of the Notice to State Court of Filing Notice of Removal (without exhibits), filed with the 168th District Court, is attached hereto as EXHIBIT C.

20.     By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## V.
## CONCLUSION

Accordingly, because federal question, supplemental, and diversity jurisdiction exists over all Plaintiff's causes of action exists, this Court has jurisdiction under 28 U.S.C. § 1331, § 1332, and §1367(a). Defendant Medtronic, Inc. requests that the 168th Judicial District Court of El Paso County, Texas proceed no further with Cause No. 2018-DCV-3317 and that *Lisa Monica Quaranto v. Medtronic, Inc.* be removed to the United States District Court for the Western District of Texas, El Paso Division.

Dated this, the 23rd day of October 2018.

Respectfully submitted,

*/s/ Danielle K. Herring*
**Danielle K. Herring**
State Bar No. 24041281
Fed. Id. No. 36896
dherring@littler.com
**LITTLER MENDELSON, P.C.**
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone No.:  713-951-9400
Facsimile No.:  713-951-9212

**ATTORNEYS FOR DEFENDANT
MEDTRONIC, INC.**

*Of Counsel:*

Elizabeth L. Bolt
State Bar No. 24059470
Fed. Id. No. 1034909
ebolt@littler.com
**LITTLER MENDELSON, P.C.**
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone No.:  713-951-9400
Facsimile No.:  713-951-9212

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record, *via* e-file notification and certified mail, return receipt requested on this 23rd day of October 2018 to:

John A. Wenke
501 E. California Avenue
El Paso, Texas  79902
***Sent Via Certified Mail, Return Receipt
Requested No. 9314 7699 0430 0052 0667 54***

*/s/ Danielle K. Herring*
Danielle K. Herring

FIRMWIDE:157725775.1 014245.2169

6